MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

bjacobs@maglaw.com
212-880-9536

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
DANIEL F. WACHTELL
―――
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

May 1, 2019

**BY ECF AND EMAIL**

The Honorable Andrew L. Carter, Jr.
United States District Judge
United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

   Re: United States v. Robert Alexander, 19 Cr. 164 (ALC)

Dear Judge Carter:

   I represent defendant Robert Alexander in the above-captioned action.  On behalf of Mr. Alexander, I write in response to the Government's letter from earlier today dated May 1, 2019 (the "Government Letter," Dkt. No. 15).  In that letter, the Government alleges that during a recent trip to Chicago, Mr. Alexander violated a condition of his bail.  In particular, the Government asserts that Mr. Alexander violated the condition that he not "discuss matters relating to this investigation or case with any witness or potential witness" by meeting with an individual on April 27, 2019, and discussing matters relating to the case with that individual ("Individual-1").   (Government Letter at 2.)  As a remedy for this alleged violation, the Government asks that the Court either "hold a revocation hearing and revoke Alexander's bail" or, in the alternative, "modify the defendant's conditions of release . . . to prohibit any contact with any victim or potential witness in this case."  (Government Letter at 3.)

   As an initial matter, Mr. Alexander has no objection to the modification of his conditions of release to include a condition that he not have contact with any alleged victims or potential witnesses in the case.  To facilitate the administration of this condition, and to avoid any doubt about who may qualify as an alleged victim or potential witness, Mr. Alexander requests that the Court additionally order that notwithstanding the condition, Mr. Alexander may have contact with any individuals whom the Government and the United States Probation Office expressly authorize.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

To the extent that the Court is inclined to consider the Government's request that Mr. Alexander's bail be revoked, Mr. Alexander strongly opposes that request and respectfully requests that this Court hold a hearing, as Mr. Alexander's conduct does not warrant the revocation of bail.  Mr. Alexander does not dispute that he was aware of the condition that he not discuss matters relating to this investigation or case with any witness or potential witness during his trip to Chicago, or that the meeting with Individual-1 took place.  Consistent with that understanding, as the Government itself acknowledges, Mr. Alexander informed Individual-1 that "he did not want to discuss Kizzang" (that is, the primary subject of this case).  (Government Letter at 2.)  It is not clear how the conversation between Mr. Alexander and Individual-1 proceeded from that point, but even as described in the Government's letter, Mr. Alexander's subsequent alleged comments do not reflect an intent on Mr. Alexander's part to tamper with a witness.  In hindsight, of course, Mr. Alexander regrets that the meeting happened at all.  Mr. Alexander's bail should not be revoked based on the limited comments alleged by the Government.

The Government itself suggests a resolution that stops short of revoking Mr. Alexander's bail:  The imposition of a condition of bail that Mr. Alexander not have contact with any alleged victims or potential witnesses in this case.  Mr. Alexander has no objection to this additional condition (with the added condition noted above regarding contacts authorized by the Government and the Probation Office).  To the extent the Court is inclined to go further and consider revoking bail—which is not warranted—Mr. Alexander respectfully requests that the Court schedule a hearing to examine the facts and circumstances under which the conversation between Mr. Alexander and Individual-1 took place.

On behalf of Mr. Alexander, I thank the Court for its consideration of this request.

Respectfully submitted,

/s

Brian A. Jacobs

cc:     Assistant U.S. Attorney Elisha Kobre (by ECF and email)
        Assistant U.S. Attorney Margaret Graham (by ECF and email)