UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
UNITED STATES OF AMERICA,

          -against-                                  19-CR-164 (ALC)

ROBERT ALEXANDER,                    **ORDER CANCELING FATICO HEARING**

          Defendant.

------------------------------------------------------------------ x

**ANDREW L. CARTER, JR., District Judge:**

Defendant Robert Alexander pleaded guilty to Securities Fraud and Wire Fraud, for defrauding victims who invested in Kizzang, a company established and majority-owned by Alexander. The parties dispute two guideline enhancements contained in the Pre-Sentence Report: a 2 level enhancement based on offense involving more than 10 victims, under U.S.S.G. § 2B1.1(b)(2)(A)(i), and an 18 level enhancement, based on a loss amount between 3.5 and 9.5 million dollars, under U.S.S.G. § 2B1.1(b)(1)(J).

"When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a). Defendant has requested a *Fatico* hearing, arguing that there should be no victim related enhancement since there are only 4 identifiable victims, instead of 10, and that the loss amount is between 550 thousand and 1.5 million dollars, resulting in a 14 level enhancement, as opposed to an 18 level enhancement. At a *Fatico* hearing, the government would bear the burden of proof, requiring it to establish that the facts supporting the calculation

1

of the defendant's offense level are "more likely than not true." *United States v. Rizzo*, 349 F.3d 94, 98 (2d Cir. 2003); *see also United States v. Scaretta*, 912 F. Supp. 48, 50 (E.D.N.Y. 1996) (citing cases).

A *Fatico* hearing is unnecessary because even if the government could prove the enhancements by a preponderance, the enhancements would not make a difference regarding the sentence that the Court would impose.[1]  When imposing a sentence, the Court must consider the factors laid out in 18 U.S.C. § 3553, balancing the factors against each other.  "[T]he requirement to consider § 3553(a) factors is not synonymous with any requirement that a particular factor be given determinative or dispositive weight in the identification of the appropriate sentence. Rather, the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *U.S. v. Verkhoglyad,* 516 F. 3d 122, 131 (2d. Cir. 2008) (internal quotations and citations omitted).

A loss amount between 550 thousand and 1.5 million dollars adequately demonstrates the seriousness of the offense, signaling a need to promote respect for the law, provide just punishment for the offense, and afford adequate general deterrence to criminal conduct.  When balancing the § 3553 factors, the extra amount of potential loss does not make a difference in the Court's mind.  Just as the increased amount of potential loss does not change the Court's view, the difference between 4 real life victims who have suffered serious financial consequences

---

[1] Certainly the loss component is material to determining the amount of restitution owed, but as stated by the defense and the government, this can be determined after a decision regarding the rest of the sentence.

resulting from Alexander's actions, and potentially 10 such victims—from the same scheme—does not affect the Court's view when balancing the sentencing factors.

There is no need for a *Fatico* hearing; it is canceled.

The Court finds that the guideline range is 27-33 months, based on a total offense level of 18, criminal history category 1. The parties should provide a joint status report regarding their availability for sentencing in the month of November through the end of January. The defense should indicate whether Mr. Alexander wishes to appear in person for sentencing, or, if due to his health concerns, he wishes to proceed remotely. The joint status report is due September 4, 2024.[2]

**SO ORDERED.**

**Dated: July 3, 2024**
          **New York, New York**

                                                                   **/s/ Andrew L. Carter, Jr.**
                                                                   **ANDREW L. CARTER, JR.**
                                                                   **United States District Judge**

---

[2] The defense posits that Mr. Alexander meets the criteria set forth in U.S.S.G. § 4C1.1(a)(1)-(10) under the 2023 version of the guidelines. This would decrease the offense level by an additional two points, reducing the range to 21-27 months. Because the government has not weighed in on this argument, the Court will not make that adjustment at this time. But there is no need for an evidentiary hearing regarding that determination. The government should state its position regarding this 2 level reduction in the September 4 joint status report.